UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

RODNEY E. DAVIS, et al.,

    Plaintiffs,

v.                                                                             Hon. Paul L. Maloney

CLARE COUNTY DHHS CPS, et al.,                       Case No. 1:20-cv-00496

    Defendants.

## REPORT AND RECOMMENDATION

Plaintiffs initiated this matter on June 2, 2020, against Clare County DHHS CPS, Bianca Hernandez, Jereme Bear, Betsy Ulicki, Ruth Nordman, and Debra Colburn. Having granted Plaintiffs' motion to proceed as a pauper, the Court has conducted an initial review of the complaint pursuant to 28 U.S.C. § 1915(e)(2) to determine whether it is frivolous, malicious, or fails to state a claim upon which relief can be granted. Having conducted this initial review, the Court concludes that Plaintiffs' complaint must be dismissed for failure to state a claim upon which relief may be granted.

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a claim must be dismissed for failure to state a claim on which relief may be granted unless the "[f]actual allegations [are] enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007) (internal citations and footnote omitted).

As the Supreme Court has held, to satisfy this rule, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570. This plausibility standard

"is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* If the complaint simply "pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (internal quotation marks omitted). As the Court further observed:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged— but it has not "show[n]"—"that the pleader is entitled to relief."

*Id.* at 678–79 (internal citations omitted).

When evaluating a complaint under Rule 12(b)(6), a court may consider the complaint and any exhibits attached thereto, public records, and items appearing in the record of the case. *See Bassett v. NCAA*, 528 F.3d 426, 430 (6th Cir. 2008); *see also Continental Identification Prods., Inc. v. EnterMarket, Corp.*, 2008 WL 51610 at *1, n.1 (W.D. Mich., Jan. 2, 2008) (stating that "an exhibit to a pleading is considered part of the pleading," and "the Court may properly consider the exhibits. . .in determining whether the complaint fail[s] to state a claim upon which relief may be granted without converting the motion to a Rule 56 motion"); *Stringfield v. Graham*, 212 F. App'x 530, 535 (6th Cir. 2007) (documents "attached to and cited by" the complaint are "considered parts thereof under Federal Rule of Civil Procedure 10(c)").

Plaintiffs' complaint is not easy to decipher but appears to involve a custody dispute regarding his daughter. Evaluated pursuant to the aforementioned standard, the Court concludes that any facts alleged in Plaintiffs' complaint, even if accepted as true, fail to rise to the standards

of *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), to state a claim upon which relief may be granted in this court. Plaintiffs assert that their rights to medical care, access to the courts, due process and freedom from cruel and unusual punishment have been violated. However, they fail to provide the Court with anything more than labels and conclusions, which is not sufficient to meet the *Twombly*/*Iqbal* pleading requirements mentioned above. *See Coker v. Summit Cty. Sheriff's Dep't*, 90 F. App'x 782, 787 (6th Cir. 2003) (affirming dismissal of a pro se complaint where the plaintiff "made 'bare ones,' conclusory assertions that do not suffice to state a constitutional claim"). While the Court is obligated to construe Plaintiffs' pleading liberally, it is not required to speculate about the claims Plaintiffs might be asserting. *Young Bey v. McGinnis*, No. 98-1930, 1999 WL 776312, at *1 (6th Cir. Sept. 23, 1999) ("The district court's duty to construe Young Bey's pro se pleadings liberally did not obligate it to analyze attachments to Young Bey's complaint in order to speculate about the claims Young Bey may be attempting to bring"). Moreover, some of the constitutional rights Plaintiffs assert are not applicable to them. For example, the Eighth Amendment, which embodies the prohibition on cruel and unusual punishment, applies only to convicted prisoners in the prison setting. *City of Revere v. Mass. Gen. Hosp.*, 463 U.S. 239, 243–44. Similarly, there is no generally-applicable constitutional right to medical care. *DeShaney v. Winnebago Cty. Dep't of Soc. Servs.*, 489 U.S. 189, 198 (1989). As explained in *DeShaney*, the Supreme Court has recognized that the Eighth Amendment's prohibition against cruel and unusual punishment requires States to provide adequate medical care, but again, that requirement is limited to incarcerated prisoners. *Id.* at 198–99. Finally, while Plaintiffs enjoy the rights to due process and to access the courts, they have not sufficiently alleged how those rights were violated.

Finally, Plaintiff Rodney Davis seeks to represent his child, C.E. Davis, as her next friend. Rodney Davis is proceeding pro se and has not retained an attorney for his child. As noted in *Simmons v. Boys and Girls Club of Greater Kalamazoo*, No. 1:10-cv-51, 2010 WL 3386013 (W.D. Mich. June 3, 2010), *report and recommendation adopted*, 2010 WL 3386021 (W.D. Mich. Aug. 24, 2010), a pro se, non-attorney parent may not act on behalf of his child in federal court. *Id.* at *1. "While a litigant has the right to act as his or her own counsel, *see* 28 U.S.C. § 1654, a non-attorney parent is not permitted to represent the interests of his or her minor child." *Lawson v. Edwardsburg Pub. Sch.*, 751 F. Supp. 1257, 1258 (W.D. Mich. 1990); *see also Meeker v. Kercher*, 782 F.2d 153, 154 (10th Cir. 1986) (although a plaintiff has the right to appear pro per in federal court pursuant to 28 U.S.C. § 1654, "a minor child cannot bring suit through a parent acting as next friend if the parent is not represented by an attorney"); *Bethel v. Middletown City Sch. Dist.*, No. 1:11-cv-206, 2011 WL 2038597, at *2 (S.D. Ohio Apr. 21, 2011), *report and recommendation adopted*, 2011 WL 2133623 (S.D. Ohio May 20, 2011) ("Mr. and Mrs. Bethel may not serve as the next friend of their own minor children without representation by an attorney at law."). Accordingly, the minor's claims brought by Rodney Davis as next friend should be dismissed on the independent basis of lack of standing.

Accordingly, the undersigned recommends that Plaintiffs Rodney and Misty Davis's claims be dismissed with prejudice.

## **CONCLUSION**

For the reasons articulated herein, the undersigned recommends that Plaintiffs' complaint be **dismissed**. The Court must also decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). Good faith is judged objectively, *Coppedge v. United States*, 369 U.S. 438, 445 (1961), and an appeal is not taken in good faith if the issue presented is frivolous, defined as lacking

4

an arguable basis either in fact or law. *See Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001). For the same reasons that the undersigned recommends dismissal of the action, the undersigned discerns no good faith basis for an appeal and recommends that, should Plaintiff appeal this decision, the Court assess the $505.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11.


Date: July 15, 2020                                         /s/ Sally J. Berens
                                                                        SALLY J. BERENS
                                                                        U.S. Magistrate Judge


    OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within 14 days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).